## OFFICE OF THE FEDERAL PUBLIC DEFENDER
### DISTRICT OF MARYLAND

NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 MAY -5  P 3: 44

BY: _____ DEPUTY

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DENISE C. BARRETT
ASSISTANT FEDERAL PUBLIC DEFENDER

**Hand-delivery via Inter-office Mail**

May 5, 2008

**Crack Reduction     Update Status Report**

The Honorable J. Frederick Motz
United States District Judge
United States Courthouse
101 West Lombard Street
Chambers 5A
Baltimore, Maryland 21201

Re:  *United States v. Ian Wayne Tracey*
     No. JFM-94-174

Dear Judge Motz:

I am writing to update the Court about the status of this case. After the filing of my March 28, 2008 letter and after further consultation, Mr. Tracey has decided that he wishes to pursue a reduction greater than the 2 levels contemplated by the Sentencing Commission in U.S.S.G. § 1B1.10.

With the Court's permission, I anticipate being able to file a supplemental memorandum in support of Mr. Tracey's motion by the end of the week. The memorandum will address why the limitations set forth in § 1B1.10 are advisory under *Booker* and why the Court may grant a greater reduction in sentence in its discretion.

As to the government's position that the Court should sentence at the same relative point within the range at which Mr. Tracey was previously sentenced, nothing in 1B1.10 provides such a limit on the Court's ability to reduce the sentence. Even if the Court were to strictly follow 1B1.10, that provision merely directs that the Court not sentence to a range lower than the amended guideline or if the original sentence was lower than the applicable guideline range, to a comparably lesser sentence.

Section 1B1.10 expressly states: "if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce

Honorable Frederick J. Motz
May 5, 2008
Page two

the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." Hence, not even the Commission contemplated that the Court should sentence within the same relative point of the range.

Thank you for your attention to this matter.

Very truly yours

Denise C. Barrett
Assistant Federal Public Defender

DCB/kdw

cc:  Barbara Sale, AUSA
     Court file
     Estelle Santana, USPO
     Ian Wayne Tracey